IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JS INT'L, INC., | CIVIL NO. 18-00365 JAO-WRP |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE |
| vs. | |
| TIARE DEVELA, | |
| Defendant. | |

FINDINGS AND RECOMMENDATION
TO DISMISS THIS ACTION WITHOUT PREJUDICE

On June 25, 2019, at 10:00 a.m., a hearing was held on this Court's May 23, 2019 Order to Show Cause directing Plaintiff to show cause, if any, why this case should not be dismissed for lack of prosecution based on Plaintiff's failure to obtain counsel to appear on its behalf following prior counsel's withdrawal. See ECF No. 22. At the hearing, Jonathan M.F. Loo, Esq. appeared on behalf of Defendant. Plaintiff's representative did not appear at the hearing or otherwise respond to the Court's Order to Show Cause.

The Court FINDS and RECOMMENDS that this action be dismissed without prejudice.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b).  Rule 41(b) grants courts the authority to sua sponte dismiss actions for failure to prosecute or for failure to comply with court orders.  See Oyadomari v. Hiwatashi, No. 16-00569 DKW-RLP, 2016 WL 6986140, at *1 (D. Haw.) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")).

The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

Here, dismissal is appropriate given Plaintiff's failure to prosecute and failure to comply with court orders.  First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been

pending since September 2018.  Second, the Court's need to manage its docket weighs in favor of dismissal because Plaintiff's failure to prosecute this action has interfered with the Court's ability to manage its docket.  Plaintiff failed to obtain substitute counsel, failed to appear at the show cause hearing, and has taken no action to advance this case.  Third, the risk of prejudice to Defendant weighs in favor of dismissal.  Plaintiff's inaction has impaired Defendant's ability to proceed to trial and threatens to interfere with the resolution of this case.  See Pagtalunan, 291 F.3d at 642 (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)).  Fourth, less drastic sanctions are not appropriate given Plaintiff's failure to appear before the Court.  It would be futile to recommend a lesser sanction because it would not compel Plaintiff to take the necessary steps to prosecute this action.  Accordingly, this factor supports dismissal.  Finally, although public policy generally favors disposition on the merits, because four of the factors weigh in favor of dismissal, and under the circumstances of this case, the Court concludes that dismissal of this action is appropriate.

## CONCLUSION

The Court FINDS AND RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 25, 2019.



Wes Reber Porter
United States Magistrate Judge

**JS INT'L, INC. v. DEVELA; CIVIL NO. 18-00365 JAO-WRP; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE**